# FILED

June 1 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0554

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 120N

CHARLES DEVLIN,

       Petitioner and Appellant,

   v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 06-92
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Charles Devlin, self-represented, Deer Lodge, Montana

       For Appellee:

       Steve Bullock, Montana Attorney General; Mark W. Mattioli, Assistant
Attorney General, Helena, Montana

       Mitch Young, Lake County Attorney, Polson, Montana

Submitted on Briefs:  May 11, 2011

Decided:  June 1, 2011

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Charles Devlin (Devlin) appeals an order of the Twentieth Judicial District Court, Lake County, denying his petition for postconviction relief ("Petition"). We affirm.

¶3 Devlin was convicted of kidnapping, obstruction of a peace officer, and bail jumping in two separate cases. He was sentenced as a persistent felony offender to 50 years in prison, with parole ineligibility for 25 years, in the kidnapping/obstruction case; and a concurrent term of 20 years in prison, with 15 years suspended, in the bail jumping case.

¶4 Devlin filed direct appeals to this Court in both cases. In the kidnapping/obstruction case, Devlin challenged the district court's denial of his motion to change venue and the sufficiency of the evidence relating to the obstruction charge. We affirmed the district court in *State v. Devlin*, 2009 MT 55N, 2009 Mont. LEXIS 64 (February 24, 2009). In the bail jumping case, Devlin raised one issue – whether the district court abused its discretion when it denied his motion to change venue. We affirmed the district court in *State v. Devlin*, 2009 MT 18, 349 Mont. 67, 201 P.3d 791.

¶5 On June 30, 2010, Devlin filed his Petition. In his "Sworn Statement of Defendant," Devlin alleged insufficiency of the evidence in his kidnapping case and that he did not act purposely or knowingly. He also alleged his trial counsel failed to poll the jury after the

verdict. In another document, titled "Memorandum in Support of Motions," Devlin accused the prosecution of prosecutorial misconduct, accused the prosecutor and arresting officer of conspiring to commit perjury, and alleged media bias.

¶6 The District Court ordered the State of Montana (the State) to respond. In its response, the State argued the Petition should be dismissed for failure to comply with § 46-21-104, MCA, and that the petition was procedurally barred under § 46-21-105(2), MCA.

¶7 The District Court denied Devlin's Petition. It found the Petition failed to comply with § 46-21-104, MCA, because it did not:

> clearly set forth the alleged violation or violations . . . identify all the facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts. Petitioner's Memorandum consists of little more than a rehashing of his version of his case mixed with conclusory accusations with no factual support followed up with a lengthy non sequitur of disconnected and mostly irrelevant legal citations lacking context or application to any facts in this case. An *ipse dixit* alone will not satisfy the statutory requirements for postconviction relief.

The only allegation found even remotely suitable for postconviction relief was an ineffective assistance of counsel claim for failing to poll the jury. The District Court found that "no reasonable probability exists that polling the jury would have changed the outcome of the trial."

¶8 Devlin appeals the denial of his Petition. Devlin also asserts two new claims on appeal, alleging jurors were untruthful during voir dire and challenging jury instructions. We will not address issues raised for the first time on appeal, including in postconviction

proceedings. *State v. Belanus*, 2010 MT 204, ¶ 17, 357 Mont. 463, 240 P.3d 1021; *Ford v. State*, 2005 MT 151, ¶ 12, 327 Mont. 378, 114 P.3d 244.

¶9 A district court may dismiss a petition for postconviction relief as a matter of law. *Herman v. State*, 2006 MT 7, ¶ 13, 330 Mont. 267, 127 P.3d 422. We review conclusions of law for correctness. *Id*.

¶10 The petitioner in a postconviction proceeding bears the burden of proving, by a preponderance of the evidence, that he or she is entitled to relief. *Ellenburg v. Chase*, 2004 MT 66, ¶ 12, 320 Mont. 315, 87 P.3d 473. A petition for postconviction relief must be based on more than mere conclusory allegations. *Id*. at ¶ 16. A petition that does not meet the procedural threshold of § 46-21-104, MCA, may be dismissed. *Herman*, ¶ 38.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues are legal and are controlled by settled Montana law, which the District Court correctly interpreted. Devlin's Petition does not comply with § 46-21-104, MCA. Additionally, Devlin failed to meet his burden of proof under § 46-21-104, MCA, or under the test for ineffective assistance of counsel announced in *Strickland v. Washington*, 466 U.S. 668 (1984); see also *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861.

¶12 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

4

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE